# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SMITHKLINE BEECHAM CORPORATION, et al., | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| APOTEX CORPORATION, et al. | : | NO. 99-4304 |

## MEMORANDUM RE: SEVERAL MOTIONS SEEKING RULE 30(b)(6) DEPOSITIONS (DOC. NOS. 409, 411, 423)

As the discovery deadline approached, both parties filed Motions Seeking Rule 30(b)(6) Depositions on a multitude of topics. This discovery technique is common in complex litigation with corporate parties and it is understandable why these notices were saved for the end of the discovery period. However, the Court finds that none of the asserted topics require additional discovery by means of a 30(b)(6) deposition, and the Court is inclined to deny these Motions.

### A. Apotex's Motion to Compel Rule 30(b)(6) Testimony (Doc. No. 411)

On November 17, 2009, Apotex has filed a Motion to Compel Rule 30(b)(6) Testimony (Doc. No. 411) in which Apotex asserts that it should be entitled to take a number of 30(b)(6) depositions on various topics as to which Apotex asserts it has received incomplete or conflicting testimony from GSK witnesses and seeks to determine GSK's corporate position. The topics include testing, synthesis and possession of "Form Z" Paroxetine Hydrochloride, facts and investigation in GSK's possession before filing its counterclaim in early 2009, facts relating to GSK's listing of the '759 Patent at issue in the Orange Book.

Apotex relates that on September 11, 2009 it served a 30(b)(6) Notice of Deposition with forty topics, which it grouped into three categories. Apotex asserts that GSK has refused to

produce a witness as to any of these topics. In its Memorandum in Support, Apotex asserts that GSK's witnesses have provided inconsistent factual testimony. However, the inconsistency may depend on the questions asked and the authority and knowledge of the witness – inconsistency is not grounds for a 30(b)(6) deposition.

Apotex next asserts that it is entitled to testimony concerning GSK's facts and evidence before filing its counterclaim. This category will similarly be rejected because the counterclaim will be tested by upcoming motions for summary judgment and possibly at trial.

The third category relates for GSK's basis for listing the '759 Patent in the Orange Book, which Apotex asserts was part of GSK's overall anti-competitive strategy. Once again, this issue can be tested by summary judgment motions and trial.

GSK has opposed this motion, largely because it asserts that Apotex seeks legal contentions, which are not a proper subject matter of discovery. GSK also argues that Apotex's 30(b)(6) requests are repetitive of discovery already provided. As to the Orange Book, GSK asserts that it was required to list in the Orange Book any patent relating to the active ingredient in Paxil. Lastly, GSK asserts that Apotex has exceeded the time limit for its depositions.

### B. GSK's Motion to Compel Apotex to Provide Testimony Pursuant to F. R. Civ. P. 30(b)(6) and Produce Related Documents (Doc. No. 409)

On November 17, 2009, SmithKline Beecham Corporation ("GSK") filed a Motion to Compel Apotex to Provide Testimony Pursuant to F. R. Civ. P. 30(b)(6) and Produce Related Documents(Doc. No. 409). In this Motion, GSK asserts that its topics, designated as Numbers 1-7 and 10-13, are grouped into three categories:

1. Addressing experiments that Apotex has conducted concerning the commercial

process used to manufacture the product, which GSK alleges infringes on its patent.

      2.      Apotex's admissions regarding the equivalence of its allegedly infringing P. 119 Product with Form A.

      3.      Apotex's knowledge of GSK's patents relating to Form A in efforts to avoid infringement.

GSK also seeks to require Apotex to produce documents that related to these topics that have been improperly withheld from production and indicates three categories:

      1.      Laboratory notebooks.

      2.      Minutes of meetings.

      3.      Other notebooks and analytical data.

GSK asserts that the topics are related to its central claims, and that Apotex's individual witnesses have provided conflicting information on these topics. The latter point is not grounds for a 30(b)(6) deposition at this late stage of discovery, in fact, after the discovery period has closed, because the testimony of witnesses employed by the same company can vary depending on the questions asked, their recollections, their role and knowledge.

The Court is more concerned about the allegation that key documents were withheld.

Apotex's response asserts that GSK has already taken the 30(b)(6) deposition on the topic of Apotex's decision to develop the P. 119 Polymer, as to which Dr. Sherman appeared. Apotex also asserts that GSK has already deposed all the individuals most knowledgeable regarding the other topics, and GSK is seeking legal contentions rather than facts, including GSK's demand for testimony regarding the term "displacing."

In its reply brief (Doc. No. 406), GSK asserts that Apotex has not provided adequate Rule

30(b)(6) testimony. On this issue, both parties cite conflicting deposition testimony by various witnesses, which only proves that this may be a point of factual dispute in the case that requires a trial. Neither party points out why a 30(b)(6) deposition should be required when this topic has already been covered in other depositions. Inconsistent testimony is not sufficient.

> C. **Apotex's Motion to Compel Rule 30(b)(6) Testimony Regarding the Contents of Databases Containing Information Relevant to Apotex's Claims and GSK's Retention and/or Destruction of <u>Samples of Paroxetine Hydrochloride Products (Doc. No. 423)</u>**

On November 25, 2009, Apotex Corporation ("Apotex") filed a Motion to Compel Rule 30(b)(6) Testimony Regarding the Contents of Databases Containing Information Relevant to Apotex's Claims and GSK's Retention and/or Destruction of Samples of Paroxetine Hydrochloride Products (Doc. No. 423). In this Motion, Apotex seeks to require GSK to produce a witness to testify on the existence, location and preservation of GSK documents and databases on four separate topics as follows:

> 1. Passport Plus database - contains records regarding communications with sales representatives and the dissemination of Paxil CR promotional materials;
>
> 2. PromoNet database - contains information regarding the review and approval of Paxil CR promotional materials;
>
> 3. Promotion Management Department - databases and records which contain information regarding the dissemination of Paxil CR promotional materials;
>
> 4. Paxil CR Promotional Materials Purchasing Records - show the final version of the materials purchased by GSK and the volume of those materials purchased.

Having reviewed the supporting material and GSK's response and consistent with other rulings denying 30(b)(6) depositions on various points at this late stage of discovery, the Court concludes that a 30(b)(6) witness is not necessary for these topics. The Court will require GSK

and Apotex counsel to respond to inquiries from each other as to the whereabout of these documents and databases, whether they produced in the litigation, and if not, a statement by counsel as to why not. If there are allegations of spoliation – i.e., the purposeful destruction of evidence during the litigation – that needs to be the subject matter of a separate motion as spelled out in the Court's Memorandum of December 7, 2009 (Doc. No. 439).

This Motion also covers samples of Paroxetine Hydrochloride Anhydrate, an issue that has been bubbling throughout this litigation. GSK asserts that it has previously offered to produce these samples and has done so; it does not have any such samples any longer. The Court does not understand how or why any further depositions will serve any purpose.

**D.** **Conclusion**

On the entire topic of 30(b)(6) depositions, which concern at least these three pending motions, the Court observes that both sides have used the same arguments whether seeking 30(b)(6) depositions or rejecting the other side's request for them. Faced with these contradictory, if not inconsistent, positions in several motions and numerous briefs that are now pending, the Court has reached the following conclusions.

Allowing all the 30(b)(6) depositions that have been requested would require reopening discovery for at least sixty days, which would require delaying the schedule for expert reports and Markman hearings. In the Court's estimation, very little in the way of additional knowledge on either side would be gained, further motion practice will result, tremendous expense would be incurred, and the same points can be covered in expert reports, dispositive motions, or if necessary, at trial. Discovery needs to be fair, but also needs to have its limits. In a complex case, a "discovery fence" needs to be constructed around legitimate, relevant and cost-effective

discovery. The proposed discovery which is outside the discovery fence should be denied, unless a party can show that the "fence" should be expanded because of new facts or exceptional circumstances to encompass a discovery topic that is not within the "fence" as the judge has previously drawn it. In a complex case, it would be expected that a "discovery fence" may expand, bulge or contract as the case progresses, and that has been true in this case. However, the Court believes that the parties' Rule 30(b)(6) requests are unnecessary, outside the discovery fence that has been generously accommodating many discovery topics, and should not be expanded further.

    However, as previously conceded, the undersigned does not have the knowledge of the background and facts of this case as possessed by counsel. Therefore, as an escape valve to the proposed ruling, the Court is inclined to allow each party to designate one (1) 30(b)(6) topic, for a maximum of a three (3) hour deposition, provided it is completely factual in nature. Counsel should avoid selecting a topic that will be covered by expert reports and/or expert depositions. GSK and Apotex shall exchange notice of one (1) topic by Friday, December 18, 2009 at 12:00 noon. Upon receipt of the other party's notice, the receiving party should promptly consult its client to identify the appropriate witness on the designated topic and disclose this to opposing counsel prior to the hearing on December 21, 2009. Any objections will be heard at the hearing, together with any logistical or scheduling issues. The Court will not extend any of the expert deadlines for this purpose. If a 30(b)(6) deposition results in new facts, amendments to existing expert reports will be allowed.

If both parties agree to two (2) topics, the Court will consider approval, providing the existing schedule remains for expert reports and depositions.

BY THE COURT:

s/Michael M. Baylson

Date: 12/16/09

Michael M. Baylson, U.S.D.J.

O:\CIVIL\SmithKline\SmithKline - Memo Mots Rule 30b6 Deps Doc. #409, 411, 423.wpd